Defendant further complains of paragraph 13, but we do not find any merit in such contention.

We are firmly of the opinion, after a careful consideration of the record, that the court in its one connected oral charge fairly stated to the jury the law applicable to the facts and circumstances in evidence.

Defendant also complains of rulings of the court sustaining objections to certain questions asked on cross-examination of witnesses for the plaintiff, with reference to a general rumor or talk affecting the reason for the disappearance of the insured. Evidence of this nature was held to be improper in the cases of: *Kennedy v. Modern Woodmen*, 243 Ill. 560; *Johnson v. Johnson*, 114 Ill. 611. Moreover, the record shows that whenever a witness could give the source of his information as to the rumor, the court permitted the witness to state the source thereof and the character of the rumor. The jury therefore had before them the evidence as to this rumor. This is further evident from the fact that this rumor was made the subject-matter of part of the oral charge of the court to the jury.

Finding no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*

---

**Mary Murphy, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 19,834.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915. Rehearing denied February 16, 1915.

### Statement of the Case.

Action by Mary Murphy against Chicago City Railway Company to recover damages for personal injuries sustained as the result of a collision between two of defendant's cars while plaintiff was a passenger.

At the time of the accident plaintiff was seated at the rear of the car, and upon the first crash jumped up. A second crash following threw her back onto the seat causing the injuries complained of.

It was claimed in behalf of plaintiff that a retroflexion of the uterus, discovered by her physician six weeks after the accident, was caused by injuries then received. One of the defendant's physicians, who had examined her within thirty-six hours after the accident, testified to finding no evidence of pelvic disturbance or conditions indicating that a retroflexion of the uterus was present. Other witnesses in behalf of the defendant testified that her condition was the result of overwork, lack of sufficient nourishment and anemia, and that retroflexion of the uterus could not result from an injury unless the injury was of a severe crushing or piercing character; that the condition of retroflexion is usually the result of a gradual wearing down of the ligaments supporting that organ, and that it frequently occurred among overworked, overtired, under nourished and anemic women.

Plaintiff testified that prior to the accident she had been in good health, and her physician's testimony was to the effect that the condition of retroflexion found upon his examination made six weeks or two months after the accident was due to some external violence, and that such violence so weakened the uterine structures that the uterus prolapsed; and further that there was a relation between the condition of the plaintiff at the time of the trial and the accident in question.

From a judgment for plaintiff for twenty-seven hundred and fifty dollars, defendant appeals.

CHARLES LEROY BROWN, for appellant; LEONARD A. BUSBY and JAMES G. CONDON, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 15*—*when condition proximate result of accident.* In an action for personal injuries sustained in a collision between cars, on one of which plaintiff was a passenger, which injuries were alleged to have resulted in a retroflexion of the uterus, the evidence was *held* sufficient to present a question for the jury as to whether the accident was the proximate cause of the condition found, as against defendant's claim that such condition was the result of natural causes.

2. APPEAL AND ERROR, § 1241*—*when party cannot complain of refusal of instruction.* A party presenting several instructions embodying the same proposition in varying language cannot complain because the court refused one which he considered most important where the others were given.

3. APPEAL AND ERROR, § 1514*—*when statements of counsel not prejudicial.* Statements in the closing argument of counsel for the plaintiff *held* not prejudicial in view of the character of a question interjected by counsel for the defendant, and the nature of the closing argument made by the latter, the amount of the verdict clearly showing that the jury were not swayed by sympathy, passion nor prejudice.

---

## Jennie Philippe, Appellee, v. John J. Curran and Isabella Curran, Appellants.

### Gen. No. 19,871.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.